Defendant-appellant Ricardo Stubbs appeals from the trial courts ruling finding him to be a sexual predator pursuant to R.C. Chap. 2950, also known as H.B. 180, and subject to the requirements of that legislation. Defendant appeals raising numerous constitutional challenges to the new legislation. For the reasons hereinafter discussed, we find the trial courts finding should be vacated.
Defendant was indicted on July 20, 1990 in Case No. 254806 on one count of rape (R.C. 2907.02); one count of kidnapping (R.C.2905.01); and one count of possession of criminal tools (R.C.2923.24). On November 29, 1990, defendant pled guilty to the rape count and the other two counts were nolled. On May 30, 1991, defendant was sentenced to ten to twenty-five years.
Following enactment of H.B. 180, on May 14, 1997, defendant was returned to the Common Pleas Court for a sexual predator hearing pursuant to the new Act. Defendant was represented by assigned counsel who raised objections to the hearing on constitutional grounds. The trial court overruled these objections. (Tr. 4).
Thereafter, the court took judicial notice of defendants earlier plea to the rape count and incorporated by reference the pre-sentence investigation report indicating that force was used in the commission of the rape. (Tr. 5). The trial court found defendant to be a sexual predator under the new legislation and stated as follows:
 I am by operation of law by way of your plea, this being a sex offense, you fall under this code. The Court will make a determination that you are a sexual predator.
(Tr. 8)
The trial court appointed the Cuyahoga County Public Defender for purposes of an appeal from its ruling and the instant appeal timely ensued. We will address defendants assignments of error in the order asserted and together where it is appropriate for discussion.
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
At the time defendant and the State filed their briefs herein, the Ohio Supreme Court had not yet addressed the constitutionality of H.B. 180. Since then the Ohio Supreme Court has decided Statev. Cook (1998), 83 Ohio St.3d 404 which contains a helpful historical analysis and the legislative background of "Megan's Law," i.e., those class of cases in which sexual offenders are identified and obliged to register with public authorities from whom notification is sent to neighbors or other interested parties. The Cook decision expressly addressed the constitutionality of H.B. 180 and found no ex post facto or retroactive infirmity in a constitutional sense in the new legislation. The Cook syllabus states as follows:
 R.C. 2950.09(B)(1). as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution.
Given the Supreme Courts decision in Cook, we find no merit to defendants ex post facto retroactive constitutional arguments.
Defendants Assignment of Error I is overruled.
The following assignments of error will be discussed together because they all relate to the identical constitutional issues recently addressed by this Court in reviewing H.B. 180.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANTS DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESS," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANTS H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISION OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANTS CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
 XI. APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED GUILTY TO AN OFFENSE PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANTS DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
On January 28, 1999, this Court decided State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, which addressed and overruled the identical constitutional issues raised by the foregoing assignments of error. We have reviewed the recent Eleventh District opinion in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, and see no reason to depart from our Ward decision on the constitutional issues involved. We adopt the discussion contained in Ward on these constitutional issues and follow same in the disposition of the foregoing assignments of error.
Defendants Assignments of Error II, IV, V, VI, VII, VIII, IX, X and XI are overruled.
We will separately consider the remaining assignment of error which presents factual and evidentiary issues distinct from theWard case.
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Defendant argues that there is a qualitative burden of proof on the State to establish by clear and convincing evidence that defendant is likely to commit future sexual offenses and that his "old conviction data" was not sufficient to meet this burden. This argument goes to the sufficiency of the evidence. We adopt and incorporate by reference that portion of our Ward decision which generally discusses the States burden of proof and the factors the court shall take into consideration in reaching a sexual predator determination. See Ward, supra, at 8-15. However, since Wards
sexual predator classification was based on facts different from those presented in the case before us, we will separately address the trial courts finding that defendant is a sexual predator:
An offender is a sexual predator as defined by statute if he has been convicted of at least one sexually oriented offense and is found "likely" to commit another in the future. The determination that an offender is a sexual predator must be based on clear and convincing evidence. R.C. 2950.09(B)(3). Thus, the law permits the adjudication of an individual as a sexual predator based solely upon one conviction and consideration of the factors set forth in R.C. 2950.09(B)(2). Eight of the ten factors set forth in R.C.2950.09(B)(2) involve what may be considered "old conviction data, " i.e., information available at the time of the original sentencing.
The court in State v. Ferris (Sept. 8, 1998), Warren App. No. CA98-03-035, unreported at 5, addressed this same argument and held that a finding that an offender is a sexual predator based on old conviction data is appropriate.
 Appellant argues that evidence of the facts underlying his previous convictions is not appropriate evidence to support a finding that he is a sexual predator because this evidence is not probative of his likelihood to commit sexual offenses in the future. However, this court has stated that "in determining an offenders propensity to commit future sex offenses, the trier of fact can use past behavior to gage future propensity to commit crimes since past behavior is often an indicator of future violent tendencies." State v. Striley (December 29, 1997), Clermont App. No. CA97-05-046, unreported at 5, citing State v. Bartis (December 9, 1997), Franklin App. No. 97APAOS-600, unreported. Likewise the United States Supreme Court has stated that "previous instances of violent behavior are an important indicator of future violent tendencies." Kansas v. Hendricks (1997), 117 S.Ct. 2072, 2080. See, also, State v. Naegele (January 12, 1998), Clermont App. No. CA97-04-043, unreported.
Furthermore, the Supreme Court in Cook endorsed the use of such information when it stated that "reliable hearsay, such as a presentence investigation report, may be relied on by the trial judge" in making a sexual predator determination. Cook, supra, at 425.
Although we hold that prior conviction data may be sufficient to prove by clear and convincing evidence that an offender is a sexual predator, we find on the present state of this record that the evidence was insufficient to make such a finding in the instant case.
The trial court at the hearing referenced the following from an alleged presentence report in finding the defendant to be a sexual predator:
 [T]here was a fight during the course of this sex offense, and by operation of law, by the way, rape is a sex offense, and that amongst other things in addition to the rape aspect of it, there was reflected in the presentence report that you forced the head of the victim in the toilet during the rape.
(Tr. 5-6). Despite the courts reference to these facts, no presentence report is found in the appellate record and both the State and the Public Defender have stipulated that, in fact, no presentence report was prepared regarding the defendant. Nevertheless, we find that these facts alone, even if substantiated, are insufficient to find the defendant to be a sexual predator by clear and convincing evidence. Although not mentioned by the trial court, the defendants indictment indicates that the defendant only had a prior record for robbery committed seven years before the rape. He had no history of prior sex offenses. Although the rape was violent in nature, there is no evidence of a pattern of this conduct; the victim was an adult and apparently no drugs or alcohol were used to impair the victim. Without more evidence, we cannot say that the foregoing established by clear and convincing evidence that the defendant is "likely" to commit a future sex offense under R.C. 2950.09(B).
In short, the record before us, which does not include a presentence report, presents circumstances very similar to Ward, in that the trial court "erroneously believed that it could determine defendant to be a sexual predator solely on facts arising from the underlying sexual offense." Ward, supra, at 14. However, unlikeWard, we find no indication that the trial court overlooked "other relevant information bearing on the sexual predator determination." Id. Therefore, "[b]ecause the states evidence was inadequate as a matter of law, we must vacate the sexual-predator determination * * * [and] order the trial court to include in [defendants] institutional record a finding that he has not been found to be a sexual predator, as mandated by R.C. 2950.09(C)(2)." State v.Hicks (June 28, 1998), Hamilton App. No. C-970533, unreported at 3.
Assignment of Error III is sustained.
Judgment vacated and cause remanded.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, J., and
TIMOTHY E. McMONAGLE, J., CONCUR.
JAMES M. PORTER, ADMINISTRATIVE JUDGE
N.E. This entry is an announcement of the courts decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the courts decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this courts announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).